IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ERIC LEWIS                                                                                         PLAINTIFF

v.                                          Civil No. 1:15-CV-01022-SOH-BAB

DETECTIVE RHONDA MOORE                                              DEFENDANT

### REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff, Eric Lewis, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Currently before the Court is Defendant's Motion for Judgment on the Pleadings (ECF No. 12) and Supplemental Motion for Judgment on the Pleadings. ECF No. 14.

**1.　　BACKGROUND**

Plaintiff filed his Complaint on April 10, 2015. ECF No. 1. Plaintiff alleges his constitutional rights were violated when Defendant Moore subjected him to two polygraph tests and a DNA test when investigating a rape. Plaintiff alleges the DNA test was negative, and the two polygraph tests constituted double jeopardy. He further alleges her actions violated his due process rights because they "were clearly acts of seeking and using entrapment." ECF No. 1, p. 11.

Plaintiff seeks "a full investigation of Detective Moore's actions pertaining to [his] case." He also seeks compensatory damages and the appointment of an attorney. ECF No. 1, p. 12.

Defendant filed her Motion for Judgment on the Pleadings on July 14, 2016. ECF No. 12. She filed her Supplemental Motion for Judgment on the Pleadings on July 19, 2016. ECF No. 14. Plaintiff has not responded to the Motion or Supplemental Motion.

**2.    APPLICABLE LAW**

Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his or her claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

**3.    DISCUSSION**

In her Supplemental Motion, Defendant Moore argues Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Specifically, she notes that he was recently convicted of the rape she investigated him for, and was sentenced to the Arkansas Department of Correction. She notes he has not, and cannot, produce any evidence to show his conviction has been reversed on direct appeal, expunged, declared invalid, or otherwise called into question. ECF No. 14, pp. 1-2.

In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional

2

conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

In footnote seven, the Supreme Court in *Heck* explained that a damages action for an illegal search does not necessarily imply the invalidity of a conviction. *Heck*, 114 S. Ct. at 2372 n. 7. Specifically, the Court said:

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id.* The Eighth Circuit has interpreted this footnote to create a general exception from *Heck* for Fourth Amendment unreasonable search and seizure claims. *See e.g. Moore v. Sims,* 200 F.3d 1170 (8th Cir. 2000) (when Plaintiff was convicted of drug possession, his § 1983 claim that the drugs were "planted" by officers was barred by *Heck*, but his claim that his initial stop and detention at a detoxification center were without probable cause could proceed); *Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996) ("Because harmless error analysis is applicable to the admission at trial of coerced confessions, judgment in favor of Simmons on this § 1983 action will

not necessarily demonstrate the invalidity of his conviction.").[1]

Plaintiff makes no claims which can be interpreted as alleging an illegal stop, illegal detention, illegal search and seizure, or coerced confession. Nor has he made any allegation that his conviction has been reversed, expunged, declared invalid, or otherwise called into question. His claim is therefore barred by the decision in *Heck*.

## 4. CONCLUSION

Accordingly, I recommend Defendant's Motions for Judgment on the Pleadings (ECF Nos. 12, 14) be GRANTED, and Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **30th day of November 2016.**

                                            /s/ Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] *But see Shamaeizadeh v. Cunigan*, 182 F.3d 391, 399 (6th Cir. 1999) (Fourth Amendment illegal search and seizure claim does not accrue under *Heck* until the criminal charges have been dismissed).